UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTONIO MILLER, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| PLAINTIFF | § § § | |
| v. | § § | CIVIL ACTION NO. 3:18-cv-2365 |
| DFWGC CONSTRUCTION, LLC, ALTERRA INTERNATIONAL HOLDINGS, LLC, MERT GOKTURK AND MUKEMMEL SARIMSAKCI, INDIVIDUALLY, | § § § § § § § | |
| DEFENDANTS | § | |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

Plaintiff Antonio Miller, on behalf of himself and all others similarly situated, files this Original Collective Action Complaint against Defendants DFWGC Construction, LLC, Alterra International Holdings, LLC, Mert Gokturk and Mukemmel Sarimsakci ("Defendants").

### I.    PRELIMINARY STATEMENT

1.1    This is an action for failure to pay overtime compensation brought under the Fair Labor Standards Act ("FLSA"). Defendants are in the commercial construction business. Plaintiff Antonio Miller was employed by Defendants as a heavy equipment operator from March 2016 through April 2018.

1.2    Antonio Miller was paid on an hourly basis.

1.3    Antonio Miller, on behalf of himself and all others similarly situated, brings this collective action to recover overtime compensation, liquidated damages, attorney's fees, litigation costs,

costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

1.4     For at least three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA by failing to pay overtime premiums to hourly employees for hours worked in excess of forty hours per week.

1.5     More specifically, Defendants treated Plaintiff and the collective class as independent contractors in an attempt to avoid their overtime obligations under the FLSA.

## II.     JURISDICTION AND VENUE

2.1     The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2     The Court has personal jurisdiction over Defendants DFWGC Construction, LLC and Alterra International Holdings, LLC because these entities conduct business in Texas and have entered into a relationship with Plaintiff in Texas and have committed actions in Texas that give rise to this cause of action.

2.3     Venue is proper in the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## III.     PARTIES

**A.     Plaintiff**

3.1     Plaintiff Antonio Miller is an individual residing in this Judicial District.  His notice of consent is attached to Plaintiff's Original Collective Action Complaint as Exhibit A.

**B.    Defendants**

3.2    Defendant DFWGC Construction LLC is a domestic limited liability company formed and existing under the laws of the State of Texas and maintains and operates its principal office in Dallas, Texas.

3.3    DFWGC Construction LLC was an employer of Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

3.4    DFWGC Construction LLC can be served with process by serving its registered agent for service of process, United States Corporation Agents, Inc., at 9900 Spectrum Drive, Austin, Texas 78717.

3.5    Defendant Alterra International Holdings, LLC is a domestic limited liability company formed and existing under the laws of the State of Texas and maintains and operates its principal office in Dallas, Texas.

3.6    Alterra International Holdings, LLC was an employer of Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

3.7    Alterra International Holdings, LLC can be served with process by serving its registered agent for service of process, Capital Corporate Services, Inc., at 206 E. 9th St., Suite 1300, Austin, Texas 78701

3.8    Mukemmel Sarimsakci and Mert Gokturk are individuals who reside in Dallas, Texas.  Mr. Sarimsakci and Mr. Gokturk can both be served at 211 North Ervay Street, Dallas Texas 75201 or wherever else they may be found.

3.9    At all times relevant to this claim, Mukemmel Sarimsakci and Mert Gokturk acted directly or indirectly in the interest of Defendants DFWGC Construction LLC and Alterra International Holdings, LLC in relation to the employment of Plaintiff  and those similarly situated.

3.10 At all times relevant to this claim, Mukemmel Sarimsakci and Mert Gokturk were substantially in control of the terms and conditions of the work of Plaintiff and those similarly situated.

3.11 Mukemmel Sarimsakci and Mert Gokturk were employers of Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

## IV.   FLSA COVERAGE

4.1 For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2 At all relevant times, Defendants DFWGC Construction LLC and Alterra International Holdings, LLC each had gross operating revenue in excess of $500,000.00.

4.3 At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4 At all relevant times, Defendants employed "employees", including Plaintiff and those similarly situated, within the meaning of the FLSA, 29 U.S.C. § 203.

4.5 At all relevant times, Defendants employed two or more persons in interstate commerce.

4.6 At all relevant times, Defendants DFWGC Construction LLC and Alterra International Holdings, LLC have each been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.7 At all relevant times, Plaintiff and those similarly situated were individually engaged in interstate commerce or in the production of goods for commerce while performing their job duties for Defendants.

4.8     At all relevant times, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V.     FACTUAL ALLEGATIONS

5.1     Defendants are in the commercial construction business.

5.2     Defendants employed Antonio Miller during the three-year period preceding the filing of this Complaint.

5.3     Defendants paid Antonio Miller and other similarly situated non-exempt laborers on an hourly basis.   Antonio Miller and all those similarly situated consistently worked over forty hours per week.  However, Defendants failed to pay Antonio Miller and all those similarly situated overtime premiums for any hours worked over forty per week.

5.4     Defendants maintained control, oversight, and direction over their operations, including employment practices.

5.5     Defendants maintained and exercised the power to hire, fire, and discipline Plaintiff and those similarly situated during their employment with Defendants.

5.6     Plaintiff  and those similarly situated were required to comply with Defendants' policies and procedures in performing their work during their employment with Defendants.

5.7     Mukemmel Sarimsakci and Mert Gokturk, independently exercised control over the work performed by Plaintiff  and those similarly situated.

5.8     Mukemmel Sarimsakci and Mert Gokturk are responsible for running the day-to-day operations of Defendants.

5.9     Mukemmel Sarimsakci and Mert Gokturk, acting directly in the interest of Defendants, determined the wages to be paid to Plaintiff and those similarly situated.

5.10   Mukemmel Sarimsakci and Mert Gokturk, acting directly in the interest of Defendants, determined the work to be performed by Plaintiff and those similarly situated and monitored and directed such work on a regular basis.

5.11   Mukemmel Sarimsakci and Mert Gokturk, acting directly in the interest of Defendants, determined the locations where Plaintiff and those similarly situated would work.

5.12   Mukemmel Sarimsakci and Mert Gokturk, acting directly in the interest of Defendants, determined the hours of Plaintiff and those similarly situated.

5.13   Mukemmel Sarimsakci and Mert Gokturk, acting directly in the interest of Defendants, determined the conditions of employment for Plaintiff and those similarly situated.

5.14   Mukemmel Sarimsakci and Mert Gokturk, acting directly in the interest of Defendants, maintained employment records on Plaintiff and those similarly situated.

5.15   Mukemmel Sarimsakci and Mert Gokturk, acting directly in the interest of Defendants, possessed and, in fact, exercised the power to hire, fire and discipline Plaintiff and those similarly situated.

5.16   At all times relevant hereto, Defendants knew of, approved of, and benefited from the regular and overtime work of Plaintiff and those similarly situated.

5.17   Neither Plaintiff nor the similarly situated hourly laborers were exempt employees.

5.18   Defendants did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

5.19   Defendants' actions were willful and in blatant disregard for the federally protected rights of Plaintiff and those similarly situated.

## VI. COLLECTIVE ACTION ALLEGATIONS

6.1     Other employees have been victimized by the pattern, practice, and policy of Defendants that is in violation of the FLSA.  Plaintiff is aware that the illegal practices and policies of Defendants have been imposed on other workers.

6.2     Plaintiff brings his claim for relief on behalf of all persons who worked for Defendants as hourly, non-exempt laborers at any time three years prior to the filing of this lawsuit, to the entry of judgment in this lawsuit (Collective Class).

6.3     Defendants paid Plaintiff and the Collective Class on an hourly basis and suffered and permitted them to work more than forty hours per week.  Defendants did not pay Plaintiff or the Collective Class overtime compensation for any hours worked beyond forty per week.

6.4     Though their job titles may vary, the members of the Collective Class were all hourly, non-exempt laborers.

6.5     Plaintiff's experiences are typical of the experiences of other similarly situated employees.

6.6     Defendants' operations with respect to Plaintiff and the Collective Class and wages paid to Plaintiff and the Collective Class are substantially similar, if not identical.

6.7     Defendants' pattern of failing to pay overtime compensation as required by the FLSA results from Defendants' general application of policies and practices, and does not depend on the personal circumstances of the Plaintiff and the Collective Class.

6.8     Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

6.9     Plaintiff files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b).  Plaintiff brings these claims for relief for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).  Plaintiff bring these claims on his behalf and on behalf of those

similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendants.

6.10   Plaintiff requests that Defendants identify all prospective members of the Collective Class in order that proper notice of their right to consent to participation in this collective action may be distributed, including their names, dates of employment, job titles, last known addresses, and telephone numbers.

6.11   Plaintiff seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. § 216(b).

6.12   Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

6.13   Plaintiff will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

## VII.   CAUSE OF ACTION:  VIOLATION OF THE FLSA

### Failure to Pay Overtime Wages

7.1   Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

7.2   Plaintiff and all others similarly situated are non-exempt employees.

7.3   As non-exempt employees under the FLSA, if Plaintiff and all others similarly situated worked over forty hours in a workweek, they were entitled to overtime pay.

7.4   Over the course of the relevant period, Plaintiff and all others similarly situated routinely worked in excess of forty hours per week.

7.5     Even though Plaintiff and all others similarly situated worked in excess of forty hours per week, Defendants failed to pay them an overtime premium for any hours worked in excess of forty per week.

7.6     Defendants have violated 29 U.S.C. § 201 *et seq*. by failing to pay Plaintiff and all others similarly situated overtime premiums for those hours worked over forty per workweek.

7.7     In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the true number of hours worked per workweek by Plaintiff and all others similarly situated.

7.8     No excuse, legal justification or exemption excuses Defendants' failure to pay Plaintiff and all others similarly situated overtime compensation for hours worked over forty in a workweek.

7.9     Defendants have failed to make a good faith effort to comply with the FLSA.  Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation.

7.10    Plaintiff and the Collective Class seek all unpaid overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Antonio Miller and all others similarly situated respectfully pray that Defendants DFWGC Construction, LLC, Alterra International Holdings, LLC, Mert Gokturk and Mukemmel Sarimsakci, individually, be cited to appear, and that, upon trial of this matter, Plaintiff and the Collective Class recover the following against Defendants, jointly and severally:

a. Actual damages for the full amount of their unpaid overtime compensation;

b. Liquidated damages in an amount equal to their unpaid overtime compensation;

c. Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

d. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,

/s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
WELMAKER LAW PLLC
7310 Manchaca Rd., #150728
Austin, Texas 78715
Phone: (512) 799-2048
Fax: (512) 253-2969
Email: doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFF**